IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HOLLIS Q. MOORE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-2017-B |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Hollis Q. Moore seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision should be affirmed.

I.

Plaintiff alleges that he is disabled due to a variety of ailments, including cervical disc disease, the loss of part of a toe, carpal tunnel syndrome, depression, neck and back pain, a shoulder impingement, and high blood pressure. After his application for disability benefits was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on September 7, 2006. At the time of the hearing, plaintiff was 45 years old. He is a high school graduate, attended college, and has past work experience as an office manager and a production coordinator. Plaintiff has not engaged in substantial gainful activity since December 1, 2003.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability benefits. Although the medical evidence established that plaintiff suffered from cervical disc disease and

hypertension, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform a limited range of sedentary work, but could not return to his past relevant employment. Relying on the testimony of a vocational expert, the judge found that plaintiff was capable of performing the requirements of the entire unskilled sedentary job base, which represents a multitude of jobs that exist in significant numbers in the national economy. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

II.

In a single ground for relief, plaintiff contends new medical evidence submitted to the Appeals Council establishes that he suffers from a "severe" shoulder impairment.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant

is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant shows that his substantive rights were prejudiced. *Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Shortly before the administrative hearing on September 7, 2006, plaintiff was diagnosed with "impingement syndrome" of the right shoulder. (*See* Tr. at 641-45, 652-59). Dr. Phillip Hansen, an orthopedic surgeon, examined plaintiff on August 4, 2006 and September 25, 2006. (*Id.* at 643-44). Treatment notes from those examinations indicate that plaintiff's right shoulder had a "positive impingement sign" with "weakness and pain with abduction external rotation more than internal rotation against resistence." (*Id.*). On October 2, 2006, plaintiff was examined by his primary care physician, Dr. Suzanne Monday, who noted a decreased range of motion and pain with bilateral shoulder abduction. (*Id.* at 654). Less than two weeks later, on October 11, 2006, Dr. Hansen performed an arthroscopic surgical procedure on plaintiff's right shoulder. Dr. Hansen's post-

operative report confirmed the diagnosis of "impingement syndrome." (*Id.* at 641-42). Although plaintiff did not submit any of this medical evidence to the ALJ before the hearing decision was issued on November 22, 2006, he did provide the evidence to the Appeals Council. (*Id.* at 7). The Council considered the additional evidence, but affirmed the hearing decision. (*Id.* at 4-5). Plaintiff now contends that the case should be remanded because the administrative record as a whole, including the new evidence submitted to the Appeals Council, demonstrates that he suffers from a "severe" shoulder impairment.

New evidence justifies a remand only if it is material. *See Castillo v. Barnhart*, 325 F.3d 550, 551-52 (5th Cir. 2003). Evidence is "material" if: (1) it relates to the time period for which the disability benefits were denied; and (2) there is a reasonable probability that it would have changed the outcome of the disability determination. *Id.* If new evidence is presented while the case is pending review by the Appeals Council, a court will review the record as a whole, including the additional evidence, to determine whether the Commissioner's findings are still supported by substantial evidence. *Higginbotham v. Barnhart*, 163 Fed.Appx. 279, 281-82, 2006 WL 166284 at *2 (5th Cir. Jan. 10, 2006); *see also Jones v. Astrue*, 228 Fed.Appx. 403, 406-07, 2007 WL 1017095 at *3 (5th Cir. Mar. 29, 2007), *cert. denied*, 128 S.Ct. 707 (2007) (warning against remanding cases based on new evidence presented to the Appeals Council without meaningful regard for the substantial evidence standard).

Here, plaintiff's new medical evidence is not material. It is merely cumulative of evidence considered by the ALJ, including numerous reports by plaintiff of chronic pain, weakness, and a limited range of motion in his arms and right shoulder, (*see, e.g. id.* at 68, 77, 667-70), plaintiff's testimony that he had been diagnosed with "impingement syndrome" in his shoulder, (*see id.* at 666-

68, 705), and an MRI report that noted "hypertrophic bony changes" and "possible impingement syndrome" of the right shoulder, (*see id.* at 546, 561).

More importantly, none of the new evidence addresses the *severity* of plaintiff's alleged shoulder impairment within the meaning of the Social Security Act. "[T]he diagnosis of an impairment--without more--is not sufficient to establish a severe impairment or a disability." *McClatchy v. Barnhart*, No. ASA-03-CA-0914-X, 2004 WL 2810100 at *6 (W.D. Tex Dec. 3, 2004), *rec. adopted*, 2005 WL 1593395 (W.D. Tex. Jun. 30, 2005), *citing Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983); *see also Hill v. Astrue*, No. H-08-3160, 2009 WL 2901530 at *7 (S.D. Tex. Sept. 1, 2009). Rather, a plaintiff bears the burden of proving that the diagnosed impairment has more than a minimal effect on his ability to engage in work related activities. *McClatchy*, 2004 WL 2810100 at *6; *see also Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985) ("[A]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience."). In this case, plaintiff does not specify how his shoulder impingement actually interfered with his ability to work. Instead, plaintiff speculates that "impaired range of motion of the shoulder of the dominant arm would be expected to 'interfere' with [his] ability to perform the work activities of reaching and handling." (*See* Plf. MSJ Br. at 16). Such an "expectation" is not supported by the new medical evidence, or any other evidence, in the record. Notably, neither Dr. Hansen nor Dr. Monday suggested that plaintiff's right shoulder impingement affected his ability to perform work related activities in general, or his ability to perform reaching and handling activities specifically. Thus, there is no reasonable probability that the new evidence would have changed the Commissioner's decision.

## **RECOMMENDATION**

The hearing decision should be affirmed in all respects.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 13, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE